HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL BERRY,

    Plaintiff,

  v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

CASE NO. C08-5149RBL

ORDER

THIS MATTER comes on before this Court upon Plaintiff's Application for an Award of Attorney's Fees and Expenses pursuant to the Equal Access to Justice Act, 18 U.S.C. § 2412 [Dkt. #41].  Having considered the records and file herein, the Court finds and rules as follows:

**PROCEDURAL HISTORY**

The underlying case involves plaintiff's request for judicial review, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), of the Commissioner's final decision finding him not disabled under the Social Security Act.  On February 20, 2009, this Court (Honorable Franklin D. Burgess) adopted the Magistrate Judge's Report and Recommendation and affirmed the ALJ's decision that plaintiff was not disabled. [Dkt. #28].  On September 22, 2009, the Ninth Circuit reversed and remanded for further proceedings holding that the ALJ and this Court erred in finding the

plaintiff not disabled. *Berry v. Astrue*, 622 F.3d 1228 (9th Cir. 2010). Plaintiff's Application for Attorney's Fees and Costs in the amount of $16,586.19 followed.

## DISCUSSION

The Ninth Circuit reversal renders plaintiff the prevailing party in this case. *Shalala v. Schaefer*, 509 U.S. 292, 299-302 (1993); *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). The Court should deny EAJA fees whenever the Commissioner's position was substantially justified. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). The government has the burden to show that its conduct was substantially justified at each stage of the proceedings. *Gonzalez v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). The Commissioner's position is substantially justified when it is justified to a degree that could satisfy a reasonable person that it has a reasonable basis in law and fact. *Lewis*, 281 F.3d at 1083. The government's position is likewise substantially justified if there is a "genuine dispute" over which "reasonable people could differ." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A substantially justified position is one that "a reasonable person could think as correct, that is, if it has a reasonable basis in law and fact." *Pierce*, 487 U.S. at 566, n.2. The position does not need to be "justified to a high degree." *Id.* at 565. The standard is satisfied if there is a "genuine dispute." *Id*.

The government must justify the original agency action and the later positions taken in litigation. The reviewing court must ascertain "first, whether the government was substantially justified in taking its original action; and second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). In the case at bar, the Commissioner's position was substantially justified.

The ALJ and this Court concluded that the SSA regulations required finding plaintiff not disabled. We both decided that he retained the "residual functional capacity" to do his "past

relevant work" as a courier driver.  *See* 20 CFR § 404.1520.  Because plaintiff had the physical and mental capacity to be a courier driver, we reasoned that the mere fact that he could not pass a drug test (a requirement for a Commercial Driver's License) because of his prescription pain medications did not render him disabled.  He was not disabled, in our view, because passing a drug test and obtaining a CDL was a hiring requirement, and unrelated to physical or mental capacity to do the job, and explicitly excluded by the SSA.  42 U.S.C. § 423(d)(2)(A) (a claimant's disability is determined "regardless of . . . whether he would be hired if he applied for work.")

The Ninth Circuit disagreed and ruled that "[a] mandatory requirement that employers cannot hire people with a certain level of pain medication in their blood is in essence a physical demand of their job." *Berry*, 622 F.3d at 1232.

The Commissioner's position had a "reasonable basis in the law." *Pierce*, 487 U.S. at 566, n.2.  He relied on the statutes and regulations at issue.  He also relied on case law interpreting them.  *See, Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (interpreting the Act and Ruling 82-40 to conclude that if a claimant can still perform his past relevant work, he is not disabled even if that work does not exist in the United States.)  The fact that the Ninth Circuit reversed the decision of the Court and rejected the Commissioner's position does not mean that the position was not substantially justified.  *Pierce*, 487 U.S. at 566, n.2.

//

//

//

//

1  There existed a genuine dispute as to the central issue in the case and the position taken
2  by the Commissioner was substantially justified at each stage of the proceeding. Plaintiff's
3  Application for Attorney's Fees [Dkt. #41] is **DENIED.**

4  **IT IS SO ORDERED.**

5  Dated this 3rd day of March, 2011.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE